

Raymond J. DiCamillo
302-651-7786
DiCamillo@rlf.com

April 8, 2011

**VIA CM/ECF**

The Honorable Paul S. Diamond
United States District Court for the
  District of Delaware, sitting by designation
6613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

        Re:    *Milton Pfeiffer v. Laurent Alpert*, C.A. No. 1:10-CV-1063PD (D. Del.)

Dear Judge Diamond:

        Pursuant to D. Del. LR 7.1.2(b), Defendants write to provide supplemental authority relevant to their Motion to Dismiss (D.I. 13).

        Attached hereto as Exhibit A is a March 30, 2011 Opinion in *Seinfeld v. O'Connor*, Civ. No. 09-887-LPS (D. Del.). In *Seinfeld*, the complaint alleged that the compensation plans at issue were "so 'patently defective' . . . that they would not qualify for tax deductions under the IRC". *Id.* at 6 (quoting the complaint). Further, the *Seinfeld* complaint alleged that the corporation coerced stockholders to approve the compensation plans with its proxy statement disclosures and that the compensation plans did not comply with the relevant statutes and regulations. *Id.* The Court found these allegations deficient and dismissed plaintiff's Section 14(a) direct claims. *First*, the Court rejected the coercion theory, describing the allegations as "conclusory and implausible". *Id.* at 7-10. *Second*, the Court held that the compensation plans complied with each of the statutes and regulations at issue in the complaint. *Id.* at 12-20. Notably, the Court found that the inclusion of "a list of general business criteria – a 'menu plan'" was sufficient disclosure of the plans' material terms. *Id.* at 15. After dismissing the direct claims, the Court found it unnecessary to reach the remaining derivative claims. *Id.* at 20.

        Attached hereto as Exhibit B is a March 28, 2011 Memorandum Opinion and Order in *Resnik v. Woertz*, C.A. No. 10-527-GMS (D. Del.). In *Resnik*, the complaint alleged direct and derivative violations of Section 14(a) and derivative claims for waste, unjust enrichment and breach of fiduciary duty. *Id.* at 2. The complaint in *Resnik* took issue with two of the corporation's compensation plans, one from 2002 and one from 2009. *Id.* at 6-8. The Court dismissed the plaintiff's Section 14(a) direct claim, holding that the claim "fails to meet

■ ■ ■

the heightened pleading standards of the PSLRA" as the complaint did not adequately allege loss causation. *Id.* at 22-23. According to the Court, the Section 14(a) direct claim could not be maintained because the plaintiff sought "only injunctive relief in the form of corrective disclosures and another vote . . . ." *Id.* at 23. The Court denied the motion to dismiss with respect to the other counts in the complaint. *Id.* at 29.

If Your Honor has any questions or concerns regarding the foregoing, counsel are available at the Court's convenience.

Very truly yours,

Raymond J. DiCamillo

Attachments
cc: All counsel of record (via CM/ECF)

RLF1 3973764v. 1