IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
MILTON PFEIFFER,                          Civil Action No. 10-cv-1063-PD

        Plaintiff,

        v.

LAURENT ALPERT, BRIAN C. BEAZER,
MICHAEL H. FURLOW, KENNETH F.
KHOURY, PETER G. LEEMPUTTE,
IAN J. MCCARTHY, ALLAN P. MERRILL,
NORMA A. PROVENCIO, LARRY T.
SOLARI, STEPHEN P. ZELNACK, Jr., and
BEAZER HOMES USA, INC.,

        Defendants.
-------------------------------------------------------x

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the Settling Parties have made application, pursuant to the Federal Rule of Civil Procedure, for an order: (i) preliminarily approving the settlement of the Beazer Action, in accordance with a Stipulation of Settlement dated May 31, 2011 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement ("Settlement") and dismissal of the Beazer Action with prejudice, upon the terms and conditions set forth therein; (ii) approving the form and content of the Summary Notice of Pendency and Proposed Settlement of the Beazer Action ("Summary Notice") for publication and the Notice of Pendency and Proposed Settlement of the Beazer Action ("Notice") for posting on the website of Levi & Korsinsky LLP; and (iii) setting a hearing for final approval of the Settlement ("Settlement Hearing").

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having considered the Stipulation and the exhibits annexed thereto and having heard the argument of the Settling Parties at the preliminary hearing.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Beazer Action.

2. The Settlement Hearing shall be held before this Court on ___8/3___, 2011 at ___9:30___ a.m. to determine: (i) whether the Settlement of the Beazer Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Beazer and Current Beazer Shareholders, and should be finally approved by the Court; (ii) whether the Judgment as provided in ¶1.10 of the Stipulation and attached as Exhibit A thereto should be entered herein; and (iii) whether the agreed-to Fee and Expense Award (as defined in Stipulation, ¶4.1) should be awarded to Plaintiff's Counsel.

3. The Court approves, as to form and content, the Summary Notice and the Notice attached as exhibits to the Stipulation and, for convenience, annexed hereto as Exhibits 1 and 2, respectively, and finds that the posting and publishing of such notices, respectively, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1, due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than fifteen (15) calendar days following entry of this Order, Beazer shall cause the Summary Notice, substantially in the form annexed as Exhibit 1, to be published in *Investor's Business Daily*.

5. Not later than fifteen (15) calendar days following entry of this Order, Levi & Korsinsky LLP shall cause the Notice, substantially in the form annexed as Exhibit 2, and the Stipulation to be posted on its website.

6. At least ten (10) calendar days prior to the Settlement Hearing, Beazer shall serve on counsel in the Beazer Action and file with the Court proof, by affidavit or declaration, of the publication of the Summary Notice in the *Investor's Business Daily*.

7. At least ten (10) calendar days prior to the Settlement Hearing, Plaintiff's Counsel shall serve on counsel in the Beazer Action and file with the Court proof, by affidavit or declaration, of the posting of the Notice and Stipulation on its website.

8. All Current Beazer Shareholders shall be bound by all orders, determinations, and judgments in the Beazer Action concerning the Settlement, whether favorable or unfavorable to the Current Beazer Shareholders.

9. Pending final determination of whether the Settlement should be approved, no Current Beazer Shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Individual Defendants or Beazer, or derivatively on behalf of Beazer, any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any Current Beazer Shareholder may object or appear and show cause, if he, she, or it has any concern, that the Settlement of the Beazer Action should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee and Expense Award should not be awarded to Plaintiff's Counsel; provided, however, unless otherwise ordered by the Court, no Current Beazer Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Award to Plaintiff's Counsel unless that shareholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Beazer common stock through the date of the Settlement Hearing, including the number of shares of Beazer common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current Beazer Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and the subjects of their testimony. If a Current Beazer Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following thereof:

                      LEVI & KORSINSKY LLP
                      Eduard Korsinsky
                      Allen Schwartz
                      30 Broad Street, 15th floor
                      New York, New York 10004
                      Tel: (212) 363-7500
                      Fax: (212) 363-7171

*Counsel for Plaintiff*

CRAVATH SWAINE & MOORE
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700


*Counsel for Defendants*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

Clerk of the Court
U.S. District Court, District of Delaware
844 N. King Street
Wilmington, D.E. 19801

Any Current Beazer Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, or to the Fee and Expense Award to Plaintiff's Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

11.   The Settling Parties' responses to objections, if any, by Current Beazer Shareholders shall be filed with the Court and served at least five (5) calendar days prior to the Settlement Hearing.

12.   Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Individual Defendants or the Related Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Individual Defendants, or the Related Persons in any proceeding of any nature. Beazer, any Individual Defendant, or Related Person may file the Stipulation and/or the Judgment in any action that has been or may be brought

against him, her or it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Beazer Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

14. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Beazer Shareholders.

IT IS SO ORDERED:

DATED: June 2, 2011

_____
HONORABLE PAUL DIAMOND
UNITED STATES DISTRICT JUDGE